UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

|  |  |
|---|---|
| BRUCE A. WOLFFING<br>and MARY R. WOLFFING,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOUSEHOLD BANK F.S.B.,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:   Docket No. 1:12-cv-00266 (jgm)<br>:<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**
(Doc. 1)

The Plaintiffs in this action proceed pro se and have paid the filing fee.  (Docs. 1-2, 2.)  The Court has reviewed the Complaint, which contains an unintelligible mix of legal phrases, grammar principles, and strings of letters.  See Doc. 1 at 1-14.  As an exhibit, the Plaintiffs have submitted a copy of a mortgage to a property in Hinesburg, Vermont.  There is a numeral -- either a one, two, three, or four -- written above nearly every word in the mortgage.  (Doc. 1-1).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  If a complaint fails to comply with this rule, a court may "strike any portions that are redundant or immaterial, or to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (internal citations omitted).  A court may do so "on its own initiative or in response to a motion by the defendant."  Id. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  Id.

The Plaintiffs have filed such a complaint.  The Complaint by no means places the Defendants on notice of the substance of the Plaintiffs' claims.  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (complaint must provide defendant with "fair notice of what the . . . claim is and the

grounds upon which it rests) (internal quotations and citations omitted).  Prior to dismissing this action, however, the Court grants the Plaintiffs leave to file an amended complaint that conforms to the pleading requirements set forth in Rule 8(a).  See Salahuddin, 861 F.2d at 42.

The Court also notes the Complaint is a single-spaced document with less than one-inch margins.  The Plaintiffs have used capital letters throughout it.  The font in some portions is less than twelve point.  The Plaintiffs have failed to comply with Local Rule 10(a), which provides:

> (a) Size and Format.  Filings and attachments must:
> (1) be of 8 ½ x 11 inch size;
> (2) be plainly legible, whether keyed, typed, handwritten, or duplicated;
> (3) have at least 1 inch margins;
> (4) be no less than 12 point font;
> (5) be consecutively numbered;
> (6) be double-spaced, except for quoted material;
> (7) use footnotes sparingly; and
> (8) be paper-clipped or otherwise attached to facilitate scanning.

The Plaintiffs may file an amended complaint, entitled "First Amended Complaint," within twenty-one days of this order.  If the Plaintiffs fail to do so, the Court will dismiss this action with prejudice for failure to comply with Rule 8(a).  The Court directs the Plaintiffs to comply with Local Rule 10(a) in all future filings.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 6th day of May, 2013.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge